UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ZANAB HADAD | CIVIL ACTION |
|---|---|
| VERSUS | NO. 11-2778 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | SECTION "G" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Zanab Hadad, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI, respectively, of the Act. 42 U.S.C. §§ 405(g), 423, 1381a. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B).

The Commissioner moved to dismiss this matter for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Record Doc. No. 10. Plaintiff, who is proceeding in this matter pro se without the benefit of counsel, was ordered to respond in writing to defendant's motion by June 12, 2012. The order advised Hadad that failure to follow its requirements may result in a recommendation that the motion be granted without a further hearing. Record Doc. No. 12. Plaintiff did not file a response.

The Commissioner's motion is supported by the declaration under penalty of perjury of Donald V. Ortiz, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Ortiz declares that Hadad provided a social security number in the instant action, but that an electronic search of the Commissioner's records revealed that no claim has been filed with the Social Security Administration under that account number. Record Doc. No. 10-2 at ¶¶ 3(a), (b).

Only the Commissioner's "final decisions" are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992). "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing Califano, 430 U.S. at 107-08); accord DeLeon v. Comm'r of Social Sec., 191 F. App'x 88, 90 (3d Cir. 2006); Guillory v. Apfel, 239 F.3d 366, 2000 WL 1741644, at *3 (5th Cir. 2000) (citing Califano, 430 U.S. 99; Torres v. Shalala, 48 F.3d 887 (5th Cir. 1995)); Rothman v. Sec'y of Health & Human Servs., 70 F.3d 110, 1994 WL 866086, at *1 (1st Cir. 1994).

Section 405(g) of the Act provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may

allow." 42 U.S.C. § 405(g) (emphasis added). Section 405(h) provides: "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>." <u>Id.</u> § 405(h) (emphasis added).

"Judicial review is limited by [42 U.S.C. § 405(h)] to the procedures set forth in the Act. Thus, whether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the [Commissioner] under section [405(g)]." <u>Harper by Harper v. Bowen</u>, 813 F.2d 737, 739 (5th Cir. 1987); <u>accord</u> <u>Kiiker v. Astrue</u>, 364 F. App'x 408, 409 (10th Cir. 2010); <u>United States v. Lahey Clinic Hosp., Inc.</u>, 399 F.3d 1, 14 (1st Cir. 2005); <u>Bester v. Astrue</u>, No. 1:11CV174-LG-RHW, 2012 WL 2064538, at *1 (S.D. Miss. Apr. 4, 2012), <u>report & recommendation adopted</u>, 2012 WL 2064703 (S.D. Miss. June 7, 2012); <u>Speights v. Barnhart</u>, No. 04-003-D-M3, 2004 WL 3331910, at *2 (M.D. La. Nov. 30, 2004), <u>report & recommendation adopted</u>, 2004 WL 3354861 (M.D. La. Dec. 27, 2004).

> A "final decision" results only after the claimant has exhausted his administrative remedies. To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. <u>See</u> 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. <u>See id.</u> §§ 416.1404 to 416.1405. Within 60 days of receiving notice of an initial determination, the claimant must file a request for reconsideration. <u>See id.</u> §§ 416.1407 to 416.1422. The Commissioner of Social Security reviews the claim again and issues a reconsidered determination. <u>Id.</u> § 416.1420. After obtaining an adverse determination

> on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. See id. §§ 416.1429 to 416.1461. If the claimant objects to that decision, he may appeal to the Appeals Council. See id. §§ 416.1467 to 416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court.

Walker v. Astrue, No. 7:10-CV-152-O-BD, 2011 WL 725651, at *1 (N.D. Tex. Feb. 7, 2011), report & recommendation adopted, 2011 WL 744149 (N.D. Tex. Feb. 28, 2011) (also citing Mamon v. Soc. Sec. Admin., 24 F.3d 239, 1994 WL 243277, at *1 (5th Cir. 1994); Thibodeaux v. Bowen, 819 F.2d 76, 79 (5th Cir. 1987); LeJeune v. Matthews, 526 F.2d 950, 952 (5th Cir. 1976)).

In the instant case, the Commissioner's records do not include any claim for benefits filed under the Social Security number that Hadad provided. Plaintiff has not demonstrated that he (or she) filed any claim for benefits and that such a claim proceeded through a final decision. Accordingly, defendant's motion to dismiss should be granted.

Dismissal for lack of subject matter jurisdiction is usually without prejudice because it is not a decision on the merits, and plaintiff would be free to pursue his or her claim in another forum or at another appropriate time when the court would have jurisdiction. Atkins v. Kempthorne, 353 F. App'x 934, 937 (5th Cir. 2009) (citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)); Tinoco v. Marine Chartering Co., 311 F.3d 617, 623 (5th Cir. 2002); Ramming v. United States, 281 F.3d 158, 161 (5th Cir.

2001); McKinley ex rel. D.M. v. Astrue, No. 10-321, 2010 WL 2836140, at *1 (E.D. La. July 16, 2010) (citing Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)).

### **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED** and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  20th  day of June, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.